# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MCKENZIE MARTIN-VINERKAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                    ) | No. 4:21-CV-1244 RLW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 22). Defendant does not contest the motion. (ECF No. 24). For the reasons below, the Court will award Plaintiff attorney's fees in the amount of $6,176.43.

This Court entered its Order and Judgment on July 11, 2022 (ECF Nos. 20, 21) reversing the decision of the Commissioner on Plaintiff's claims and remanding the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Under 20 U.S.C. § 2412 (d)(1)(A), a court must award attorney's fees to a prevailing claimant unless the Commissioner establishes that her position was substantially justified. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

The statutory ceiling for an EAJA fee award is $125.00 per hour unless the Court determines that an increase is justified by a special factor—such as limited availability of qualified attorneys—or there has been an increase in the cost of living and the hourly rate coincides with those prevailing in the community for similar services by lawyers of comparable skill and

experience, as established by the United States Department of Labor's Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).

Plaintiff's counsel requests fees in the amount of $6,241.96, which represents 26.6 hours of attorney time at a rate of $234.66 per hour. (ECF No. 22). Counsel asks the court to increase the hourly rate available under the EAJA based upon the CPI. *Id.* The Court finds that the requested hourly rate adjustment is authorized by the EAJA based on Plaintiff's submission of supporting information. Additionally, the Court has reviewed counsel's itemized timesheet and finds it reasonable. Defendant does not oppose the award of attorney's fees but states in her response that the parties have agreed to an award of $6,176.43. (ECF No. 24).

The EAJA requires that attorney's fees be awarded to the prevailing party—here, the Plaintiff—not the party's attorney. *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) ("[T]he term 'prevailing party' in attorney's fees statutes is a 'term of art' that refers to the prevailing litigant."). Awards of attorney's fees to the prevailing party under the EAJA are "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 560 U.S. at 589. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned his right to the award to his attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Award of Fees (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff Mckenzie Martin-Vinerkar attorney's fees in the amount of $6,176.43, subject to any pre-existing debt that Plaintiff owes the United States. The check should be mailed to Plaintiff's counsel, Kristen N. Van Fossan, at 211 N. Broadway, Ste. 2400, St. Louis, Missouri 63102.

                              */s/ Ronnie L. White*
                              **RONNIE L. WHITE**
                              **UNITED STATES DISTRICT JUDGE**

Dated this 28th day of October, 2022.